**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE JUAN ISLAS-BRAVO,<br><br>    Defendant. | No. CR07-3039-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On October 26, 2007, a superseding indictment was returned against defendant Jose Juan Islas-Bravo charging him with conspiracy to distribute and possess 500 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, possessing 5 grams or more of pure methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2, and unlawfully entering the United States, in violation of 8 U.S.C. § 1325(a). Defendant Islas-Bravo has filed a motion to suppress evidence arising from his arrest, detention, and interrogation on August 8, 2007, as well as evidence found during a search of an automobile in which defendant Islas-Bravo had been a passenger. Defendant Islas-Bravo contends that the evidence should be suppressed because law enforcement officers lacked probable cause to stop the vehicle in which he was a passenger, and that his subsequent arrest was done without an arrest warrant or probable cause.

Defendant Islas-Bravo's motion to suppress was referred to Chief United States

Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On December 3, 2007, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Islas-Bravo's motion to suppress be denied. Judge Zoss concluded that law enforcement officers had probable cause to stop the vehicle in which defendant Islas-Bravo was riding and to arrest him following that stop. Neither the government nor defendant Islas-Bravo have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Zoss's Report and Recommendation of December 3, 2007, and orders that defendant Islas-Bravo's motion to suppress is **denied**.

3

**IT IS SO ORDERED.**

**DATED** this 21st day of December, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA