**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE JUAN ISLAS-BRAVO,<br><br>    Defendant. | No. CR 07-3039-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO ADMIT "REVERSE 404(b)" EVIDENCE** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A.  Rule 104* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *B.  The Defendant's Motion To Admit "Reverse 404(b)" Evidence* . . . . . . . 4
        *1.  Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . . 4
        *2.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
            *a.  Third-party guilt evidence generally* . . . . . . . . . . . . . 6
            *b.  "Reverse 404(b)" evidence* . . . . . . . . . . . . . . . . . . . 8

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

In a Superseding Indictment (docket no. 18) handed down October 26, 2007, defendant Jose Juan Islas-Bravo and a co-defendant, Leodan Vasquez, where charged with the following felony offenses: In **Count 1**, with a "conspiracy" offense charging that, between about June 2006, through about August 8, 2007, each defendant knowingly and intentionally conspired with others, known and unknown to the Grand Jury, to distribute and to possess with intent to distribute 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, all in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); and in **Count 2** with a "possession with intent to distribute" offense charging that, on or about August 8, 2007, each defendant knowingly and unlawfully possessed with intent to distribute and aided and abetted another to possess with intent to distribute approximately 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, which contained 5 grams or more of actual (pure) methamphetamine, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.[1]

The parties agree that Islas-Bravo and Vasquez were arrested on August 8, 2007, following a high-speed chase of a vehicle driven by Vasquez in which Islas-Bravo was a passenger. The chase commenced when law enforcement officers attempted to stop the vehicle for what appeared to be a seatbelt violation. During the chase, an occupant of the vehicle threw a scale and approximately 65 grams of a methamphetamine mixture from the vehicle. When the vehicle was finally stopped, a search revealed approximately .33 grams of methamphetamine still strewn on the passenger seat of the vehicle.

---

[1] Defendant Islas-Bravo was also charged with a misdemeanor offense of unlawful entry into the United States in violation of 8 U.S.C. § 1325(a), but the parties have informed the court that this charge will be dismissed.

Islas-Bravo contends that Vasquez initially indicated an intention to testify at Islas-Bravo's trial to offer exculpatory testimony on Islas-Bravo's behalf, so the trials of the co-defendants were severed. Vasquez was convicted on February 21, 2008, on both charges after a jury trial and has since filed an appeal. Vasquez has now indicated that he no longer intends to testify at Islas-Bravo's trial, and if called as a witness, will assert his Fifth Amendment right against self-incrimination. Islas-Bravo's trial is scheduled to begin with jury selection on July 22, 2008.

Islas-Bravo intends to offer a "third-party guilt" defense, to the effect that Vasquez, not Islas-Bravo, committed the charged offenses. In support of that defense, Islas-Bravo seeks to introduce evidence of the facts and acts underlying Vasquez's previous conviction for possession of a controlled substance on March 8, 2006, in Jackson County, Missouri. According to Islas-Bravo, discovery concerning this conviction reveals that Vasquez was arrested in Kansas City, Missouri, by the Missouri Drug Interdiction squad immediately after he exited a Greyhound Bus which originated in Dallas, Texas. He was apprehended by narcotics agents who, after employing a drug dog that indicated the presence of illegal drugs, obtained a search warrant and located 57.7 grams of cocaine and 977 grams of marijuana in a bag that Vasquez was carrying. Vasquez subsequently pleaded guilty to a charge of possession of a controlled substance and was sentenced to two years of probation.

In anticipation of trial on the present federal charges against him, Islas-Bravo filed the July 8, 2008, Motion To Admit "Reverse 404(b)" Evidence (docket no. 99) now before the court. In that motion, Islas-Bravo seeks an order deeming admissible at trial the acts and facts supporting the arrest and conviction of Vasquez for possessing a controlled substance in Jackson County, Missouri, in 2006. The prosecution filed a Resistance To Defendant's Motion To Admit "Reverse 404(b)" Evidence (docket no. 106) on July 15,

3

2008. Neither party requested oral arguments on the pending motion in the manner required by applicable local rules. Therefore, Islas-Bravo's July 8, 2008, Motion To Admit "Reverse 404(b)" Evidence is now fully submitted.

## II. LEGAL ANALYSIS
### A. Rule 104

As a preliminary matter, the court notes that Rule 104 of the Federal Rules of Evidence provides, generally, that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court. . . ." FED. R. EVID. 104. Such preliminary questions may depend upon such things as whether the factual conditions or legal standards for the admission of certain evidence have been met. *See id.*, Advisory Committee Notes, 1972 Proposed Rule. This rule, like the other rules of evidence, must be "construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that truth may be ascertained and proceedings justly determined." FED. R. EVID. 102. The court concludes that preliminary determination of the admissibility of evidence concerning co-defendant Vasquez's prior state conviction in 2006 will likely serve the ends of a fair and expeditious presentation of issues to the jury. Therefore, the court turns to consideration of defendant Islas-Bravo's motion to admit evidence of Vasquez's prior state conviction.

### B. The Defendant's Motion To Admit "Reverse 404(b)" Evidence
#### 1. Arguments of the parties

Islas-Bravo argues that the United States Supreme Court has recognized a defendant's right to introduce exonerating or exculpatory evidence, including evidence that

4

a person other than the defendant committed the crime charged. He also argues that Rule 404(b) of the Federal Rules of Evidence provides that evidence of other crimes, wrongs, or acts of any person may be admissible to prove that person's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Where, as here, the evidence of other bad acts is offered against a third party to show his guilt for the charged offenses, rather than by the prosecution to show the charged defendant's guilt, such evidence is called "reverse 404(b)" evidence. Islas-Bravo argues that such "reverse 404(b)" evidence is admissible, so long as its probative value is not substantially outweighed by considerations of prejudice, confusion, or waste of time.

Here, Islas-Bravo argues that the probative value of evidence that Vasquez was previously convicted of a crime similar to the one with which Islas-Bravo is now charged far outweighs any considerations of prejudice, confusion, or waste of time, and rationally tends to disprove his own guilt of the charged offenses. Islas-Bravo contends that he was simply present in the vehicle with Vasquez, that the items discovered during and after the chase belonged to Vasquez, that he did not own the vehicle, that he was not driving the vehicle, and that he was not aware of any drugs or other illegal items in the vehicle at the time that he entered the vehicle. Islas-Bravo also points out that the law enforcement officer who had been investigating Vasquez's alleged drug dealings did not even know about him. Islas-Bravo argues that Vasquez's prior conviction, coupled with other evidence, tends to cast reasonable doubt on his own guilt, where both Vasquez's prior conviction and the present charges involved evidence of intent to distribute the controlled substances in question.

The prosecution resists Islas-Bravo's motion. Although the prosecution admits that Vasquez's prior state conviction would fall within the scope of Rule 404(b), the prosecution argues that evidence of that conviction should nevertheless be excluded

5

pursuant to Rules 401 (relevance) and 403 (balance of probative value against prejudice). As to relevance and probative value, the prosecution argues that Islas-Bravo was involved in the circumstances surrounding the vehicle chase and subsequent stop, because his actions included tossing drugs and a scale out the passenger window, and furtive movements during and at the end of the chase. Thus, the prosecution contends that Islas-Bravo was a front-seat passenger actively involved in concealment of the drugs, not someone merely present. The prosecution also points out that Vasquez's prior conviction involved cocaine and marijuana, not methamphetamine, which is at issue here, and that Islas-Bravo was found sitting in the passenger seat where additional methamphetamine was found after the chase. As to potential confusion and prejudice, in the prosecution's view, evidence of Vasquez's prior conviction only confuses the issue for the jurors, potentially placing them in a position where they might decide that Islas-Bravo was the "less criminal" of the two individuals, despite facts indicating his culpability in this case. The prosecution also argues that a jury might make a decision that Vasquez was the culprit simply because of an unfair inference that, because he had possessed marijuana and cocaine before, he was involved in the distribution of methamphetamine here, and not on the basis of actual evidence linking him to the crime. The government also argues that exclusion of evidence of Vasquez's prior conviction will not prevent Islas-Bravo from mounting a complete defense or from arguing that the drugs were Vasquez's, not his.

  *2. Analysis*

    *a. Third-party guilt evidence generally*

The Eighth Circuit Court of Appeals long ago recognized,

> 'While it is competent for the defendant to show, by any legal evidence, that some other person committed the crime with which he is charged, and that he is innocent of any participation in it, such evidence must tend to connect such

> other person with the commission of the crime charged. An examination of the authorities will show that it is generally held that evidence which could have no further effect than to cast a bare suspicion upon another is incompetent and inadmissible.' *Irvin v. State*, 11 Okl.Cr. 301, 146 P. 453.

*Hale v. United States*, 25 F.2d 430 (8th Cir. 1928). The United States Supreme Court has much more recently identified similar formulations of the "widely-accepted" rule that a defendant may attempt to show that someone else committed the offense with which the defendant is charged. *See Holmes v. South Carolina*, 547 U.S. 319, 327 (2006) ("Evidence tending to show the commission by another person of the crime charged may be introduced by accused when it is inconsistent with, and raises a reasonable doubt of, his own guilt; but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded,"41 C.J.S., *Homicide* § 216, pp. 56-58 (1991); and "[T]he accused may introduce any legal evidence tending to prove that another person may have committed the crime with which the defendant is charged . . . . [Such evidence] may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial," 40A AM.JUR.2D, *Homicide* § 286, pp. 136-138 (1999) (footnotes omitted)).

Thus, "'there is no doubt that a defendant has a right to attempt to establish his innocence by showing that someone else did the crime.'" *United States v. Jordan*, 485 F.3d 1214, 1219 (quoting *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998)). Even so, "courts may properly deny admission of alternative perpetrator evidence that fails to establish, either on its own or in combination with other evidence in the record, a non-speculative 'nexus' between the crime charged and the alleged perpetrator." *Id*.

### b. "Reverse 404(b)" evidence

One way that a charged defendant may attempt to show the connection between the charged crime and the alternative perpetrator is with what is somewhat misleadingly called "reverse 404(b)" evidence. Rule 404(b) of the Federal Rules of Evidence prohibits admission of prior convictions and "bad acts" "of a person" simply to show that person's propensity to commit similar acts, but does permit such evidence to be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). As the Seventh Circuit Court of Appeals recently explained,

> Typically, federal prosecutors employ Rule 404(b) of the Federal Rules of Evidence to introduce evidence of a criminal defendant's prior convictions or other misconduct as proof of that defendant's "motive, opportunity, intent, preparation, plan, knowledge, or identity" with regard to a different crime for which the defendant is being prosecuted. *United States v. Reed,* 259 F.3d 631, 634 (7th Cir. 2001). However, "[e]vidence regarding other crimes is admissible for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him." *Id.* In determining whether to allow a criminal defendant to admit such evidence, known as "reverse 404(b) evidence," a district court must balance "the evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time, and confusion of the issues under Rule 403." *United States v. Seals,* 419 F.3d 600, 606 (7th Cir. 2005).

*United States v. Savage*, 505 F.3d 754, 760-61 (7th Cir. 2007); *see also United States v. Williams*, 458 F.3d 312, 313-14 (3d Cir. 2006) ("[E]vidence of crimes or bad acts committed by persons other than the defendant ('reverse Rule 404(b) evidence') is admissible so long as its probative value is not substantially outweighed by the risk of unfair prejudice, undue delay or confusion of the issues."); *United States v. Lucas*, 357

8

F.3d 599, 605-06 (6th Cir. 2004) (Rule 404(b) applies to any person and contemplates that a prior act by another person may be offered by the charged defendant as "reverse 404(b)" exculpatory evidence, but the same strictures and analysis apply to evidence of prior acts of a third party offered by the defendant as apply to Rule 404(b) evidence offered by the government).[2]

Determination of the admissibility of "reverse 404(b)" evidence based on whether it is relevant and whether its probative value outweighs its potential for prejudice, confusion of the issues, or waste of time, is consistent with the standards for admissibility of "ordinary 404(b)" evidence, that is, evidence of *the accused's* prior bad acts, as articulated by the Eighth Circuit Court of Appeals. That court has explained the scope of admissibility of "ordinary 404(b)" evidence, as follows:

> While we have interpreted Rule 404(b) to be a rule of inclusion, *see United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir. 1992), this interpretation does not give the government the unhindered ability to introduce evidence of prior crimes. Instead, the evidence of prior crimes must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value. *See United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002).

*United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004); *accord United States v. Lakoskey*, 462 F.3d 965, 979-80 (8th Cir. 2006) (reiterating that Rule 404(b) is a rule of

---

[2]Evidence to which the term "reverse 404(b)" evidence more reasonably applies is evidence of "good acts" relied upon by a defendant to rebut allegations of criminality or criminal intent, which may be limited by Rule 404(b) considerations. *See, e.g., United States v. Stevens*, 935 F.2d 1380, 1383 (3d Cir. 1991); *United States v. Shavin*, 287 F.2d 674, 654 (7th Cir. 1961).

9

inclusion and that evidence is admissible under Rule 404(b) if it satisfies the same four-factor test), *cert. denied*, ___ U.S. ___, 127 S. Ct. 1388 (2007). Thus, this court starts from the premise that the admissibility of "reverse 404(b)" evidence should be judged against essentially the same standards that apply to "ordinary 404(b)" evidence.

As to the first factor in the test for admissibility of "ordinary 404(b)" evidence, relevance to a material issue, *see Lakoskey*, 462 F.3d at 979-80; *Crenshaw*, 359 F.3d at 998, the Eighth Circuit Court of Appeals has "frequently upheld the admission of prior drug convictions to show knowledge and intent when the defendant denied the charged drug offense." *United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006); *accord United States v. Hessman*, 493 F.3d 977, 983 (8th Cir. 2007). Similarly, this court finds that, in the "reverse 404(b)" evidence context, when a defendant intends to offer evidence of *another person's* drug convictions to show that the other person, not the defendant, committed charged drug offenses, that other person's prior drug convictions are relevant to the case against the defendant. To put it another way, evidence of the other person's prior drug convictions may tend to connect such other person with the commission of the drug crime charged or to show the necessary "nexus" between the other person and the charged drug offense to satisfy the minimum requirements of third-party guilt evidence. *See Hale*, 25 F.2d at 430; *Holmes*, 547 U.S. at 327; *Jordan*, 485 F.3d at 1219.

The question is, does a prior drug conviction do more than cast a bare suspicion upon another? *Hale*, 25 F.2d at 430. That question may well be answered by the second requirement for admissibility of "ordinary 404(b)" evidence, whether the prior conviction is "similar in kind" to the charged offense and not overly remote in time. *See Lakoskey*, 462 F.3d at 979-80; *Crenshaw*, 359 F.3d at 998. This court has suggested that, in the "ordinary 404(b)" evidence context, prior drug offenses involving different controlled substances or different kinds of conduct are less probative, and potentially more

prejudicial, because they are less "similar in kind" to the charged offense. *See United States v. Donisi*, 2007 WL 2915630, *3 (Sept. 25, 2007) ("To the extent that evidence of prior drug activity is not shown to involve the same controlled substances . . . or the same conduct . . . its probative value is slight, and the potential for unfair prejudice, in the form of conviction of the charged offenses because the defendant has engaged in prior drug activity, is substantial. "). Here, as the prosecution points out, Vasquez's prior state conviction involved cocaine and marijuana, while the present charges against Islas-Bravo involve methamphetamine.

In the specific context of "reverse 404(b)" evidence, however, the Third Circuit Court of Appeals has concluded that, because Rule 404(b) was primarily intended to protect defendants, "'a lower standard of similarity should govern "reverse 404(b)" evidence so long as its probative value under Rule 401 is not substantially outweighed by Rule 403 considerations.'" *Williams*, 458 F.3d at 316 (quoting *United States v. Stevens*, 935 F.2d 1380, 1383 (3d Cir. 1991)). Even so, the Third Circuit Court of Appeals clarified that it had "never held that Rule 404(b)'s prohibition against propensity evidence is inapplicable where the evidence is offered by the defendant." *Id.* at 1317. Thus, even if the "similarity" requirement is relaxed for "reverse 404(b)" evidence, the Rule 404(b) "prohibition against the introduction of bad acts evidence to show propensity applies regardless of whether the evidence is offered against the defendant or a third party." *Id.* (citing cases from other circuits so holding). This court agrees that, in the context of "reverse 404(b)" evidence, the "similarity" requirement should be relaxed, precisely because the evidence is being offered *by the defendant* for the purpose of *generating reasonable doubt*, rather than by the prosecution *against the defendant*, to attempt *to prove guilt beyond a reasonable doubt,* so long as the prohibition on use of evidence merely to show the other person's criminal propensity is maintained.

Here, notwithstanding that Vasquez's prior conviction involved cocaine and marijuana, not methamphetamine, it is still sufficiently similar to satisfy Rule 404(b) requirements in the "reverse 404(b)" evidence context, because it involved conduct demonstrating significant inferences of intent to distribute, the key element of the present drug offenses, from the quantities of the controlled substances and the interstate transport of those controlled substances, and it occurred within two years of the conduct at issue in this case. *Cf. Lakoskey*, 462 F.3d at 979-80 (in an "ordinary" Rule 404(b) context, the prior conviction is "similar in kind" to the charged offense and not overly remote in time); *Crenshaw*, 359 F.3d at 998 (same). Therefore, the court finds that Vasquez's prior conviction is sufficiently similar and not so remote in time as to be inadmissible as "reverse 404(b)" evidence. Again, to put it another way, the circumstances of the prior crime and the present crime are sufficiently similar and close in time that Vasquez's prior drug conviction may tend to connect him with the commission of the crime charged and to show the necessary "nexus" between him and the charged offense to raise more than a bare suspicion that he, not Islas-Bravo, committed the charged offenses. *See Hale*, 25 F.2d at 430; *Holmes*, 547 U.S. at 327; *Jordan*, 485 F.3d at 1219.

The third factor for the admissibility of "ordinary 404(b)" evidence, sufficiency of the evidence of the prior offense, *Lakoskey*, 462 F.3d at 979-30; *Crenshaw*, 359 F.3d at 998, is also met here as to the "reverse 404(b)" evidence of Vasquez's prior drug conviction. Indeed, the prosecution nowhere disputes the fact or the details of Vasquez's prior conviction as detailed by Islas-Bravo, based on evidence in the discovery file.

Therefore, the court turns at last to whether the probative value of this evidence is outweighed by its potential for prejudice, confusion of the issues, or waste of time. *See Lakoskey*, 462 F.3d at 979-80 (fourth factor for determination of admissibility of "ordinary 404(b)" evidence is the balance of probative value against prejudice);

*Crenshaw*, 359 F.3d at 998 (same); *see also Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir. 2002) (Rule 403 applies to evidence otherwise admissible pursuant to Rule 404(b)); *United States v. Mound*, 149 F.3d 799, 801-02 (8th Cir. 1998) (same), *cert. denied*, 525 U.S. 1089 (1999); *and compare Savage*, 505 F.3d at 760-61 ("In determining whether to allow a criminal defendant to admit such evidence, known as 'reverse 404(b) evidence,' a district court must balance 'the evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time, and confusion of the issues under Rule 403.' *United States v. Seals,* 419 F.3d 600, 606 (7th Cir. 2005)."). The court is unpersuaded by the prosecution's assertions that the other evidence will show that Islas-Bravo was actively involved in concealment of the drugs, so that evidence of Vasquez's prior conviction will only confuse the issue for the jurors, potentially placing them in a position where they might decide that Islas-Bravo was the "less criminal" of the two individuals, despite facts indicating his culpability in this case, or might lead the jury to make a decision that Vasquez was the culprit simply because of an unfair inference that, because he had possessed marijuana and cocaine before, he was involved in the distribution of methamphetamine here, and not on the basis of actual evidence linking him to the crime. The question of the extent of Islas-Bravo's involvement is precisely the question before the jurors. Moreover, where the prosecution has already secured a conviction of Vasquez on the charged offenses, there is plainly sufficient evidence actually linking him to the present crimes, so that the specific relevance of the prior state conviction is to show Vasquez's intent to distribute controlled substances, a matter the jurors may properly consider in deciding whether the prosecution has proved its case against Islas-Bravo beyond a reasonable doubt.

Therefore, the court concludes that evidence of the facts and acts underlying Vasquez's previous conviction for possession of a controlled substance on March 8, 2006, in Jackson County, Missouri, will be admissible at Islas-Bravo's trial.

### III. CONCLUSION

Upon the foregoing, Islas-Bravo's July 8, 2008, Motion To Admit "Reverse 404(b)" Evidence (docket no. 99) is **granted**. Islas-Bravo shall be allowed to present at his trial evidence of the facts and acts underlying convicted co-defendant Vasquez's previous conviction for possession of a controlled substance on March 8, 2006, in Jackson County, Missouri.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2008.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA